IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WALTER BABB,
   *Petitioner*,

v.

UNITED STATES OF AMERICA,
   *Respondent*.

Civil Action No. ELH-11-2180
Criminal Action No. ELH-04-0190

**MEMORANDUM**

On April 19, 2007, Walter Babb and his co-defendant, James Moore, were convicted by a federal jury of various drug and firearms offenses, including a drug conspiracy that resulted in the shooting deaths of two people (Davis, J., presiding). Babb received a sentence of life imprisonment plus 60 months.[1] On August 5, 2011, Babb filed a "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody," claiming *inter alia*, that he had received ineffective assistance of counsel. ECF 187. I denied the motion in a 49-page Memorandum Opinion and Order. ECF 197, ECF 199. Babb's ensuing appeal was denied. *United States v. Babb*, 485 Fed. Appx. 641 (4th Cir. 2012), *cert. denied*, 133 S. Ct. 1840 (2013).

Babb, who is self-represented, has now filed a "Motion for Relief from Judgment" pursuant to Rule 60(b) of the Federal Rules of Civil Procedure ("Motion," ECF 213).[2] The Government has opposed Babb's Motion, ECF 214 ("Opp."), and Babb has replied. ECF 215 ("Reply").

---

[1] The convictions were affirmed. *See United States v. Babb*, 369 Fed. Appx. 503 (4th Cir. 2010), *cert. denied*, 131 S. Ct. 193 (2010).

[2] Because Babb is self-represented, his submissions have been liberally construed, as required by *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Rule 60(b) allows a party to obtain relief from a final judgment based on:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Babb contends that he is entitled to relief "to prevent manifest unjustice." Motion at 3. In particular, Babb claims that his sentence violated the rule established by the Supreme Court's decision in *Alleyne v. United States*, ____ U.S. ____, 133 S. Ct. 2151 (2013), which "extended the Sixth Amendment right to a jury trial to the facts that trigger or increase mandatory minimum sentences." *Id.* According to Babb, *Alleyne* applies retroactively. Motion at 6-8. Babb also relies on *Apprendi v. New Jersey,* 530 U.S. 466 (2000).

Under *Alleyne*, "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury" and "found beyond a reasonable doubt." 133 S. Ct. at 2155. The *Alleyne* Court found that the trial court erred when it imposed a seven-year mandatory minimum sentence on a conviction under 18 U.S.C. § 924(c), because the jury had not found the facts supporting the mandatory minimum, beyond a reasonable doubt. *Id.* at 2156-58. In overruling *Harris v. United* States, 536 U.S. 545 (2002), the *Alleyne* Court explained that a mandatory minimum sentence increases the penalty for a crime, and thus the facts used to enhance the sentence are offense elements that "must be submitted to the jury and found beyond a reasonable doubt," before an enhanced mandatory minimum sentence can be imposed. *Alleyne*, 133 S. Ct. at 2158.

Babb's argument proceeds from the premise that the type and quantity of controlled substances he possessed are facts that increased the applicable mandatory minimum sentence. However, according to Babb, "the jury was never instructed that they [sic] must find both the

type and quantity of controlled substance 'beyond a reasonable doubt.'" Reply at 4. As a result, Babb contends that the jury instruction violated *Alleyne*. Babb could not have raised this argument in his first habeas petition because *Alleyne* was not decided until after that petition was adjudicated.

The Government opposes Babb's Motion on several separate grounds. First, the Government claims that the jury instruction and sentence fully complied with the rule set forth in *Alleyne*. Opp. at 3–5. Second, the Government argues that the Motion, although couched as a Motion for Relief from Judgment under Fed. R. Civ. P. 60(b), must be construed as a second or successive petition under § 2255. And, according to the Government, the Court lacks jurisdiction to consider Babb's second or successive petition under § 2255. Opp. at 5–13. Because the Government's second argument implicates the jurisdiction of the Court, I will address that argument first. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94 (1998) ("'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'") (quoting *Ex parte McCardle,* 7 Wall. 506, 514 (1868)).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") placed "significant restrictions on prisoner litigation," limiting a prisoner's ability to file successive applications for post-conviction relief. *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003). Under the AEDPA, "a prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals." *Id.* at 205; *see* 28 U.S.C § 2244(b)(3). Pursuant to 28 U.S.C. § 2255(h), the Court of Appeals may only authorize a successive application if the petition relies on:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Although Babb has couched his Motion as one under Rule 60(b), "district courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application." *Winestock*, 340 F.3d at 206 (emphasis in original); *see id.* at 203 (noting "the longstanding practice of courts to classify *pro se* pleadings from prisoners according to their contents, without regard to their captions."). Although "[t]here may be no infallible test" for "how to distinguish a proper Rule 60(b) motion from a successive application in 60(b)'s clothing, . . . a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications." *Id.* at 207 (internal quotation marks and alterations omitted). In contrast, "a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." *Id.*

Here, Babb clearly raises a new, free-standing allegation of constitutional error. Accordingly, the Court must treat his Motion as a successive application under § 2255. *See id.* Babb attempts to circumvent this rule by claiming that he is, in fact, "attack[ing] the integrity of previous habeas proceedings rather than the underlying conviction." Reply at 3. He argues that the previous habeas proceedings were defective because they were conducted without the benefit of the constitutional rule announced in *Alleyne*. However, this is not the type of "defect" in a collateral proceeding that entitles a prisoner to relief under Rule 60(b). *See, e.g.*, *Gonzalez v. Crosby*, 545 U.S. 524, 532 n. 5 (2005) ("Fraud on the federal habeas court is one example of

such a defect."). Indeed, treating an intervening change in constitutional law as tantamount to a defect in the collateral review process would eviscerate AEDPA's stringent requirements for successive petitions under § 2255, and would "allow the applicant to evade the bar . . . against litigation of claims not presented in a prior application." *Winestock*, 340 F.3d at 206. Thus, Babb's motion must be treated as a second or successive petition under § 2255. *See Gonzalez*, 545 U.S. at 531 ("[A] motion might contend that a subsequent change in substantive law is a reason justifying relief from the previous denial of a claim. . . . Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly. We think those holdings are correct." (internal citations omitted)); *see also United States v. Dyson*, 551 F. App'x 74, 75 (4th Cir. 2014) ("Dyson's Rule 60(b) motion . . . challenged the validity of his sentence, and thus the motion should have been construed as a successive 28 U.S.C. § 2255 motion.").

Because Babb's Motion is a successive § 2255 petition, AEDPA's stringent requirements apply. As noted, under the AEDPA, the district court lacks jurisdiction over a successive § 2255 petition unless the Court of Appeals has certified that the petition relies upon "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h). Babb does not claim to have received any such certification.[3] Accordingly, I "must either dismiss the motion for lack of jurisdiction or transfer it [to the Court of Appeals] so that [it] may perform [its] gatekeeping function . . . ." *Winestock*,

---

[3] To my knowledge, the Fourth Circuit has not decided whether the constitutional rule announced in *Alleyne* applies retroactively to cases on collateral review. However, numerous courts that have addressed the issue have held that the rule announced in *Alleyne* is not retroactive. *See, e.g.*, *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013); *In re Payne*, 733 F.3d 1027, 1030 (10th Cir. 2013); *United States v. Redd*, 735 F.3d 88, 92 (2d Cir. 2013); *Johnson v. United States*, 2014 WL 470077, at *5 (D. Md. Feb. 5, 2014) ("[*Alleyne*] likely does not apply retroactively on collateral review."); *Schoultz v. United States*, 2014 WL 37244, at *4 (D.S.C. Jan. 6, 2014).

340 F. 3d at 207; *see also United States v. Boyd*, 591 F.3d 953, 957 (7th Cir. 2010) ("A district court has no jurisdiction to entertain a successive section 2255 motion without the consent of the court of appeals."); *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until this court has granted the required authorization.").

The Fourth Circuit has set forth instructions for the filing of a motion to obtain the requisite authorization order. The procedural requirements and deadlines for filing the motion are included in those instructions. The Clerk shall provide Babb with a copy of these instructions, which explain the procedure to be followed should he wish to seek authorization in the appellate court to file a successive § 2255 petition. Babb must file the motion with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his claims.[4]  *See* 28 U.S.C. § 2244.

## Conclusion

For the foregoing reasons, the Court lacks jurisdiction over Babb's Motion, and the Motion will be dismissed. An Order follows.

Date: June 17, 2014                                              /s/
                                                                 Ellen Lipton Hollander
                                                                 United States District Judge

---

[4] In its Memorandum, ECF 214 at 4–5, the Government has presented cogent arguments that suggest that, even if I were to reach the merits, Babb's claims would be unavailing. However, given the posture of the case, I decline to address the merits of Babb's contentions.