## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| **v.** | CRIMINAL NO. ELH-04-190 |
| WALTER BABB, | |
| Defendant | |

## RESPONSE IN OPPOSITION TO
## DEFENDANT'S MOTIONS FOR RECONSIDERATION (ECF 306, 310)

### INTRODUCTION

Defendant Walter Babb was part of a large-scale drug trafficking organization that imported cocaine from Texas to Maryland. Following trial in 2007, he was convicted of drug trafficking conspiracy and using firearms during and in relation to drug trafficking. If that were not enough, at sentencing, Judge Davis found Babb was involved in the death of two people during the conspiracy, and applied the murder cross-reference under the guidelines. This finding was made based on the grisly discovery by Maryland state troopers of two dead bodies wrapped in trash bags in the trunk of the car of Babb's associates. As a result, Judge Davis sentenced Babb to life in prison plus 60 months. ECF 143.

Notwithstanding these extraordinarily heinous facts, in 2021, Babb sought relief under Sections 403 and 404 of the First Step Act, 18 U.S.C. §§ 3582(c)(1)(A) and 3582(c)(2). The Court ultimately reduced Babb's sentence down to 30 years in prison. ECF 275.

Babb is apparently not content with this Court's clemency. He has now filed a "motion for reconsideration" in which he reiterates his prior requests for compassionate release and for relief

under Section 404.  ECF 306.  He also filed a "motion to supplement and reinstate" his prior

motion.  ECF 310.  Through these motions, he now demands to be sentenced to time-served.

Because there are a number of problems with these filings, they should be denied.

First, Babb's "motions to reconsider" must be denied as legal nullities.  The Fourth Circuit

has made clear that defendants cannot file motions to reconsider in the compassionate release

context.  *United States v. Estelle*, 2022 WL 12324101 (4th Cir. Oct. 21, 2022) (citing *United States*

*v. Goodwyn*, 596 F.3d 233, 235 n.* (4th Cir. 2010)).  Accordingly, this Court must deny Babb's

motions because they simply ask the Court to reconsider its prior rulings.

Second, even taking his motions at face value, they are meritless.  While Babb claims there

is some disparity between what his guidelines would be today versus what they were when he was

sentenced, the Fourth Circuit has clarified that this is an improper ground for compassionate

release; rather, attempts to assail an otherwise lawfully-imposed sentence based on subsequent

changes in the law are not properly heard on compassionate release but rather are the exclusive

domain of habeas petitions.  *United States v. Ferguson*, 55 F.4th 262, 266-70 (4th Cir. 2022).

Third, even if his claims are not legally barred, they are substantively meritless.  While he

claims his guidelines range should be 210 to 262 months, that is patently incorrect.  Babb's new

filing conveniently omits what his prior counsel already admitted:  because of the murder cross-

reference, his guidelines would still be life in prison were he sentenced today.  ECF 272.

Fourth, even if he could establish some legally or factually sufficient "extraordinary and

compelling" circumstance, the factors under 18 U.S.C. § 3553(a) demonstrate no further

reductions are appropriate.  Just two years ago, this Court weighed the defendant's claims of

rehabilitation against the grisly crimes he and his associates committed.  He was running large

amounts of drugs and he was involved in the murder of two people.  This Court already gave him an enormous break by reducing his sentence from life to 30 years.  There is no basis to reduce the sentence again.   Moreover, Babb recently assaulted a fellow inmate during an argument, demonstrating further clemency has not been merited.

At bottom, Babb was running kilos of drugs, aided and abetted the murder of two co-conspirators, and has only served just a little more than half of the already-reduced sentence that this Court imposed just two years ago.  There is just no basis to grant these motions.  For these reasons, and as discussed more fully below, Babb's motions should be denied.

## FACTUAL BACKGROUND

Between 2002 and 2004, Walter Babb was part of a high-volume drug trafficking organization distributing large quantities of powder cocaine and cocaine base in Maryland. *United States v. Babb*, 369 Fed. Appx. 503, 505-07 (4th Cir. 2010); *see also* ECF 275 at 2-6.  He personally bought and sold approximately half a kilogram of cocaine base per week during this period, and at times he traveled to El Paso, Texas to broker high-volume cocaine purchases.  *Id.*

During the course of this conspiracy, in November 2003, Babb was involved in the robbery and brutal murders of Alexandra Withers and Willie Robinson, associates who had accompanied him on one of his previous trips to El Paso.  *Id.*  The murders were discovered when Babb's girlfriend, Porsha Harper, and Babb's partner, James Moore, were stopped for speeding on I-95 in Maryland, and law enforcement discovered the bodies in the trunk of the car they were driving – which belonged to one of the victims.  *Id.*

Extensive evidence revealed that the murders were committed in Babb's home, and that he endeavored to conceal any such evidence.  *Id.*  In fact, the bodies were wrapped in comforters, and

laid on top of a shower liner, which came from Babb's home. *Id.* A subsequent search of Babb's apartment revealed blood stains in the carpet from the victims. *Id.* And, during a search incident to Babb's arrest, an arsenal of firearms and ammunition was discovered in his home, including two assault rifles, four handguns, and numerous rounds of ammunition. *Id.* Finally, after the bodies were discovered, Babb paid thousands of dollars in hush money to Moore's girlfriend and others. *Id.*

Babb was charged in a seven-count Third Superseding Indictment with: one count of Conspiracy to Distribute and Possess With Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 851 (Count One); one count of Conspiracy to Possess Firearms in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(o) (Count Two); and five counts of Use of a Firearm During and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c) (Counts Three, Four, Five, Six and Seven). ECF 106.

Prior to trial, on September 8, 2006, the government filed an Information and Notice of its Intention to Seek Enhanced Penalties under 21 U.S.C. § 851. ECF 117. As a result, Babb's statutory penalty range as to Count One was increased to a mandatory life sentence under 21 U.S.C. §§ 841(b)(1)(A) and 851. Additionally, Babb's § 924(c) charge was subject to a consecutive 60-month mandatory minimum sentence. 18 U.S.C. § 924(c)(1)(A)(i).

On April 19, 2007, Babb was found guilty by a jury on Counts One, Two and Seven. ECF 135. The jury was not able to reach a verdict as to Counts Three and Four. At sentencing, the Court adopted the factual findings and advisory guideline applications in the Presentence Report without change. As such, the Court found that a cross-reference to U.S.S.G. § 2A1.1(a), the

sentencing guideline for first degree murder, was appropriate under U.S.S.G. § 2D1.1(d)(1),[1] due

to Babb's involvement in the murders of Alexandra Withers and Willie Robinson.  *See* ECF 271

(PSR) at ¶ 53.  As a result, Babb's base offense level was 43 under § 2A1.1(a).  *Id.*  Babb's final

offense level was also 43, because no adjustments were applied.  PSR at ¶ 66.  When combined

with a criminal history category of VI, Babb's guidelines range was life.  Babb was also found to

be a career offender under § 4B1.1, but this guideline had no impact on his offense level or criminal

history category, due the application of the murder cross-reference.

On July 24, 2007, Judge Davis sentenced Babb to life imprisonment as to Count One,

twenty years as to Count Two, concurrently, and sixty months as to Count Seven, consecutively.

ECF 143.  Judge Davis found the cross-reference to murder "entirely appropriate," stating:

> [A]t a minimum, Mr. Babb was an aider and abettor to the actual murder, providing
> support for the conspiracy. It was a cold-blooded and inexcusable unjustified act
> of malice, the murder of these two victims. The record will reflect that in the
> presentence report Mr. Babb shows a person who has been very, very active in the
> criminal community and as evidenced by Mr. Moore a capacity for violence that's
> striking.

ECF 192, Exhibit 2 (Sentencing Transcript of July 24, 2007) at 7.

Babb's convictions were affirmed on direct appeal.  *United States v. Babb*, 369 F. App'x

503 (4th Cir. 2010). The U.S. Supreme Court denied his petition for a writ of certiorari.  *Babb v.*

*United States*, 562 U.S. 878 (2010).

Since that time, Babb has made numerous attempts to receive post-conviction relief.  He

filed a 2255 petition, which was rejected.  ECF 197.  He filed a successive habeas petition, which

---

[1] Section 2D1.1(d)(1) provides: "If a victim was killed under circumstances that would
constitute murder under 18 U.S.C. § 1111 had such killing taken place within the territorial and
maritime jurisdiction of the United States, apply § 2A1.1(a) (First Degree Murder)."

was rejected.  ECF 216.  He filed two motions to reduce his sentence under 28 U.S.C. § 3582(c)(2), both of which were rejected.  ECF 229, 233.  Finally, he filed a motion for compassionate release and alternatively for relief under Section 404 of the First Step Act, which the Court granted in part, reducing his sentence to only 30 years.  ECF 276.

Now Babb is back again.  He filed a "motion to reconsider" the Court's earlier compassionate release decision, and he filed a "motion to reinstate" his prior compassionate release filing.  ECF 306, 310.  As detailed below, these filings are procedurally improper and substantively meritless.  They should be denied forthwith.

## ARGUMENT

The government opposes Babb's recent filings requesting compassionate release on three grounds:  (1) they are procedurally improper inasmuch as motions to reconsider cannot be filed in this context; (2) they are substantively deficient inasmuch as, under recent Fourth Circuit law, Babb cannot claim recent changes in the law as an "extraordinary and compelling" reason for release; and (3) they are substantively meritless because the 3553(a) factors do not support the request, particularly when Babb was held responsible for the murder of two people, and when nothing has changed in the relevant 3553(a) factors since the Court last weighed them two years ago.  For these reasons, the motion should be denied.

As a general matter, Congress ordained that criminal sentences, once imposed, shall remain final and undisturbed.  18 U.S.C. § 3582(b); *United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010).  Congress provided, however, a narrow exception to that general rule in 18 U.S.C. § 3582(c)(1)(A).

6

To be eligible for relief: (1) the defendant must properly exhaust administrative remedies by seeking a remedy first with the Bureau of Prisons; (2) the defendant must establish that "extraordinary and compelling" reasons warrant release; (3) the relevant factors under 18 U.S.C. § 3553(a) must favor release; and (4) any grant of relief must be "consistent with" applicable policy statements by the U.S. Sentencing Commission. *Id.*; *United States v. Kibble*, 992 F.3d 326, 330-31 (4th Cir. 2021).

Compassionate release is wholly discretionary. Congress provided that a district court "may" grant relief provided it finds the criteria are met, but is never required to do so. 18 U.S.C. § 3582(c)(1)(A).

With this background, the government now proceeds to demonstrate why Babb's recent motions must be denied.

## A.      Babb's Motions To Reconsider Must Be Denied As Legal Nullities

The Fourth Circuit has made clear that "the Federal Rules of Civil Procedure do not apply to motions under § 3582," because § 3582 motions are "criminal in nature." *United States v. Goodwyn*, 596 F.3d 233, 235 n.* (4th Cir. 2010). In this way, defendants cannot use Fed. R. Civ. P. 59 or 60 to seek reconsideration following the imposition of an order in a criminal case. *Id.* And, there are no other federal statutes or rules that authorize a motion for reconsideration in the criminal sentencing context. *See id.* at 235-36. In this way, a defendant's motion to reconsider in the context of a § 3582 motion must be considered a legal nullity. *See United States v. Freeman*, 755 Fed. Appx. 301, 301 (4th Cir. 2019) (noting that "a district court lacks authority to reconsider its ruling on a § 3582(c)(2) motion"). Indeed, the Fourth Circuit has recently so held where defendants have filed motions to reconsider the denial of a request for compassionate release. *See*

*United States v. Estelle*, 2022 WL 12324101 (4th Cir. Oct. 21, 2022) (holding district court erred

in considering a motion to reconsider a denial of compassionate release); *United States v. Broxton*,

2022 WL 595658 (4th Cir. Feb. 28, 2022) (same).[2]

Here, Babb's latest motions must be denied as legally improper.   A motion for

compassionate release or relief under Section 404 is inherently criminal in nature because it seeks

to upset the finality of a criminal judgment.  *See Goodwyn*, 596 F.3d at 235.  And in that context,

a district court lacks authority to even entertain a motion to reconsider because there is no rule or

statute that permits such a motion.  *Id.*  Accordingly, pursuant to *Goodwyn*, *Estelle*, and *Broxton*,

this Court should deny Babb's motions as procedurally barred.  Nor is there any basis to construe

the filings as "fresh" compassionate release requests.  These motions are not that.  These motions

simply rehash what was previously argued, and seek to "reinstate" previously-filed motions.  There

is nothing materially new presented that would change the calculus here.  While Babb presents a

few additional letters and documents regarding his claimed rehabilitation in ECF 310, the Court

just two years ago considered these very same factors and granted the relief it deemed appropriate.

So, pursuant to *Goodwyn* and *Broxton*, this Court should hold the filings are nothing more than a

legal nullity and not permitted in this context, and hence the motions should be denied.

**B.      Babb Has Failed To Demonstrate Extraordinary And Compelling Circumstances**

Even if his filings are not procedurally (and they are), Babb's motions also fail under recent

Fourth Circuit precedent.   Specifically, while Babb claims his guidelines range today would

---

[2] The Fourth Circuit in these cases held that while the Court erred in even entertaining a motion to reconsider, it could preserve the decision on harmless if it considered the motion to reconsider a wholly new compassionate release request.  *Id.*  However, as detailed below, there is no basis to do that here because no materially new information is being presented.

somehow be 210 to 262 months, and he might not be a career offender were he sentenced today, see ECF 306 at 2, even if he were correct (and he is not as detailed below), it would still not create an extraordinary and compelling reason for release.  As the Fourth Circuit noted in *United States v. Ferguson*, 55 F.4th 262 (4th Cir. 2022), defendants cannot transmogrify sentencing claims (which should have been raised in direct appeals and habeas petitions) into compassionate release vehicles.   In *Ferguson*, the defendant alleged that his "Guidelines range was calculated incorrectly." *Id.* at 266.  In sizing up these claims, the Fourth Circuit recognized them for what they were:  a challenge to the validity of the prior sentence that had been imposed.  However, the Court noted that "[b]ecause § 2255 is the exclusive method of collaterally attacking a federal conviction or sentence, a criminal defendant is foreclosed from the use of another mechanism, such as compassionate release, to sidestep § 2255's requirements." *Id.* at 270.  In trying to challenge his guidelines calculations, the Court noted that that was precisely what Ferguson was doing: he was trying to use the compassionate release statute to end-run the strictures of habeas. Indeed, he was attempting to raise a claim through compassionate release that would otherwise be barred from being raised in the habeas context. *See United States v. Foote*, 784 F.3d 931, 942 (4th Cir. 2015) (habeas cannot be used to raise guidelines challenges based on changes in the law).  The Court noted, however, that "[t]he fact that Appellant may be procedurally barred from raising his arguments in a § 2255 petition does not qualify as an 'extraordinary and compelling reason[ ]' for compassionate release." *Ferguson*, 55 F.4th at 271.  The Court concluded as follows:  "we hold that a compassionate release motion cannot be used to challenge the validity of a defendant's conviction or sentence. The district court in this case correctly identified Appellant's non-medical

arguments in his compassionate release motion as such challenges and properly denied relief." *Id.* at 272.

The holding of *Ferguson* dictates that any claim by Babb about his guidelines range or his career offender status must be rejected here. Just like the defendant in *Ferguson*, Babb is raising a non-medical claim that seeks to collaterally attack his sentence on the ground that he might not be sentenced the same today based on alleged changes in the law. This is precisely the kind of claim that would ordinarily be raised in habeas (i.e. a post-sentencing attack on a sentence based on post-judgment changes in the law), but which is barred by *Foote*. Under *Ferguson*, this Court cannot permit Babb to end-run *Foote* by using a compassionate release vehicle to raise the very same claims that would generally be barred on habeas. As such, under *Ferguson*, this Court cannot accept Babb's guidelines arguments as "extraordinary and compelling."

And in any event, Babb cannot claim an extraordinary and compelling circumstance here because he is just plain wrong on his claims about changes in the law. As detailed above, his guidelines would still be life were he sentenced today. This is because the murder cross-reference would still apply, and therefore he would still be subject to the same guidelines range. Indeed, his defense counsel admitted as much. ECF 272. Specifically, defense counsel stated as follows:

> Ultimately, however, Mr. Babb's guidelines are calculated under U.S.S.G. § 2A1.1 because Judge Davis found at sentencing that he aided and abetted the murders committed in furtherance of the drug conspiracy. *See* PSR ¶ 53. Thus, Mr. Babb faces a final offense level of 43. Based on a final offense level of 43 and a criminal history category VI, his final advisory guidelines range is life.

ECF 272. Accordingly, Babb cannot claim any extraordinary and compelling circumstance based on change in his guidelines range because there is in fact no real change in his guidelines: he

would still be subject to a range of life because of the murder cross-reference. Accordingly, because he has failed to demonstrate an extraordinary and compelling circumstance for relief, his motions must be denied.

**C.      Babb Has Failed To Demonstrate The 3553(a) Factors Militate In Favor Of Release**

Alternatively, even if he could prevail on the "extraordinary and compelling" prong, Babb's motion still fails under the 3553(a) factors.

Compassionate release can only be granted where a court finds the exercise of its discretion to reduce the inmate's sentence is warranted according to the factors set forth in Section 3553(a) factors. Courts have held that granting such relief should be rare because release is an extraordinary remedy. *See United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020); *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019) (holding that "a compassionate release . . . is an extraordinary and rare event."); *United States v. Mangarella*, 2020 WL 1291835, at *2-3 (W.D.N.C. Mar. 16, 2020) (same).

In assessing the various factors, the court must consider:

(A) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) the need to afford adequate deterrence to criminal conduct;

(C) the need to protect the public from further crimes of the defendant; and

(D) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2)(A)-(D).

Here, these factors demonstrate that relief should not be granted.

11

First, as to the seriousness of the offense and the need to provide just punishment, the

defendant was engaged in large-scale, multi-state drug trafficking.  He was making kilogram-

level deals and was traveling down to Texas to negotiate large-scale re-supply deals.  Moreover,

when a search was executed at his residence, law enforcement recovered an arsenal of guns that

includes several assault rifles, several handguns, and ammunition.  And if that were not enough,

Babb was determined to be (at the very least) an aider and abettor in the murder of two people.

While the evidence is not clear who exactly pulled the trigger and killed Withers and Robinson,

the murder clearly happened in Babb's house because there were blood stains on his carpet, and

his shower curtain and comforters were used to wrap the bodies.  He moved to a new place

shortly after the murders, and then paid hush money to people involved.  So, Babb was

responsible for large-scale drug dealing, he had a plethora of weapons, and he was implicated in

a double murder.  In order to properly account for the seriousness of his crimes and the need to

justly punish them in conformity with the will of Congress, the defendant should not be released;

rather, he should serve his entire sentence, which is now only 30 years following this Court's

prior grant of clemency.  This factor strongly militates in favor of denial here.

Second, with regard to the need for promoting respect for the law and adequate

deterrence, the defendant here has served only 18 years of the now-reduced sentenced of 30

years.  Exhibit 1.  This is a little more than half of what this Court said was appropriate just two

years ago.  It would do nothing for deterrence or fostering respect for the law in this defendant if

he were released now.  This Court has repeatedly denied relief where defendants still had a

significant portion of their sentences remaining.  *See, e.g.*, *United States v. Santana*, 2021 WL

22426 (D. Md. Jan. 4, 2021) (Hollander, J.) (rejecting compassionate release motion where, as

here, the defendant had served less than half of a 10-year drug-related sentence); *United States v. Blackman*, 2020 WL 4350007 (D. Md. July 29, 2020) (Bennett, J.) (rejecting compassionate release motion in drug case because "[p]ermitting [the defendant] to serve little more than half of his sentence . . . would not serve as an effective deterrent").

Moreover, and more egregiously, the defendant's request here flies in the face of this Court's previous ruling.  This Court looked at comparable sentences for comparable cases in making its prior ruling.  ECF 275 at 34-35.  There is no basis to now grant a further reduction.  To do so would place this case outside of the norms previously found by the Court.

Third, with regard to the need to protect the public, this also factors in favor of denial.  As noted above, Babb was involved in a double-murder and had an arsenal of guns.  He posed a clear and present danger to society and there is no basis to believe he would pose zero danger if released.  Indeed, Babb has a long criminal history.  The convictions in this case were his 23rd.  ECF 275 at 35 (noting the PSR lists 22 prior convictions, including assault charges, weapon charges, and communicating threats).  The need to protect the public also militates in favor of denial of this motion.

Fourth, while the defendant cites to certain programming he has taken in BOP, this is not sufficient to override these other factors.  While his attempts at rehabilitation are laudable, they are not so extraordinary that they merit release.  As detailed above, the compassionate release remedy is one that should be rare and reserved for special circumstances.  Special circumstances are just not present here.  While the defendant has done some BOP programming, those factors are not particularly unique.  They could apply to many BOP inmates.

Moreover, this Court already considered the rehabilitation efforts and potential by the

defendant in its prior grant of relief.  ECF 275 at 35-36.  While the defendant points to additional

activities he has done, these do not merit another round of relief.  Indeed, if that were true,

compassionate release filings would never end.  Defendants would simply seek relief seriatum

each and every time they complete a new BOP course.  This is problematic in terms of finality.

But it also disregards the fact that the Court already sized up Babb's rehabilitative efforts, and

felt that, even though he was a "model prisoner" to date, he still needed to serve a 30-year

sentence to serve the ends of justice.  To give him an 18-year sentence now just because he

completed some additional programming does not make sense.  Moreover, the defendant cannot

claim to have a spotless BOP record; he recently was charged with assaulting a fellow inmate by

throwing hot coffee on him.  Exhibit 2.

      In sum, the 3553(a) factors here do not weigh in favor of release.  As such, the motion

should be denied on this ground as well.

## CONCLUSION

      The government respectfully requests that the Court deny the defendant's motion for a

sentence reduction.

Respectfully submitted.

Erek L. Barron
United States Attorney


    /s/
Jason D. Medinger
Assistant United States Attorney


## CERTIFICATE OF SERVICE

      I hereby certify that I filed the foregoing with the Court via CM/ECF, and sent a copy via
U.S. Mail to the defendant as follows:

Walter Babb
Reg. No. 22325-057
United States Penitentiary Lewisburg-RU
Lewisburg, PA 17837


                              ___/s/_____
                              Jason D. Medinger
                              Assistant United States Attorney